IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN GOLDEN, | No. CIV S-03-2379-MCE-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| TOM L. CAREY, et al., | |
| Defendants. | |
| _____ / | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's second amended complaint (Doc. 15), filed on November 9, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

1

This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

**I. BACKGROUND**

Plaintiff names the following as defendants: Guerrero; Newton; Johns; Moser; McGriff; and Whitefield. Defendant Johns is a supervisory official. Baskerville, Kyte, and Fetch are not named in the second amended complaint as defendants to this action. However, the second amended complaint contains allegations as to such individuals, who will, therefore, be considered named defendants. While the name "Carey" appears in the caption of plaintiff's second amended complaint, Carey is not named and the second amended complaint contains no allegations as to this individual. Defendant Newton is named for the first time in the second amended complaint.

Plaintiff claims that, on July 14, 2003, he was notified by correctional officer Kyte that he would be charged with a rules violation for being out of bounds on the exercise yard. Plaintiff asserts that he overheard a conversation where Kyte told defendant Guerrero that ". . . plaintiff is a new ass hole on the yard, and needs to be taught the rules." Plaintiff states that, immediately following this conversation, defendant Guerrero conducted a search of plaintiff's cell and confiscated items of personal property. When plaintiff asked why the items were being taken away, defendant Guerrero allegedly replied: "This is what happens when you act like an ass on the yard."

1    Plaintiff asserts that he filed an inmate grievance concerning this incident.
2 Plaintiff states that defendant Fetch – who accepted his grievance – said that none of his officers
3 has time to be dealing with "crybabies." Plaintiff ultimately withdrew his grievance and,
4 according to plaintiff, defendant Fetch ordered his property returned.
5    Plaintiff states that, on September 10, 2003, defendant Guerrero again confiscated
6 his property for no reason. Plaintiff alleges that this property has never been recovered.
7    Plaintiff claims that, on November 3, 2003, he spoke with defendant Johns, who
8 is an associate warden, and defendant Moser, who is a facility captain. Plaintiff states that he
9 complained of defendant Guerrero's alleged retaliatory conduct. According to plaintiff,
10 defendants Johns and Moser said they would look into the situation.
11    Plaintiff alleges that, on November 12, 2003, defendant Guerrero offered to return
12 a television set he had previously confiscated as a "trade" for plaintiff consenting to a
13 reassignment of cellmates. Specifically, plaintiff claims that defendant Guerrero attempted to
14 create tension within the prison's population of Mexican inmates by moving "Northern
15 Mexican" inmates into proximity with rival "Southern Mexican" inmates. Plaintiff asserts that
16 he and 38 other inmates complained that this action was racially motivated.
17    Plaintiff asserts that, on January 28, 2004, he approached defendant Baskerville,
18 who is a correctional counselor, and told him that he feared for his personal safety. In particular,
19 plaintiff claims that defendants Guerrero and Newton were involved in smuggling drugs into the
20 prison and that he fears continued retaliation because he has spoken out against these
21 individuals. Plaintiff requested to be transferred to a different prison. Plaintiff states that
22 defendant Baskerville contacted the institutional security unit for further action.
23    Plaintiff alleges that, on February 5, 2004, defendants McGriff and Whitefield
24 conducted a tape-recorded institutional security interview. Plaintiff claims that, after explaining
25 his concerns, he was told by defendants McGriff and Whitefield to ". . . seek some divine
26 intervention."

Plaintiff also alleges that, during an appeal interview conducted on February 18, 2004, he informed prison officials that he has been subject to numerous rules violation "write-ups" by defendant Newton in retaliation for the charges he made against him on January 28, 2004.

Plaintiff contends that, on March 4, 2004, he appeared before defendant Moser for an annual hearing to determine his prison classification. Plaintiff states that defendant Moser denied his request for a prison transfer and instead falsely declared that plaintiff had expressed an intent to kill another inmate if he was not transferred and, based on this, ordered plaintiff confined to administrative segregation.

Plaintiff alleges retaliation as well as violations of due process and equal protection. Plaintiff seeks injunctive relief, including transfer to the "federal placement system."

## II.  DISCUSSION

Plaintiff's second amended complaint appears to state cognizable claims against some defendants, but continues to suffer from a number of defects. Specifically, plaintiff's amended complaint appears to state a claim based on retaliation against defendants Moser, Newton, McGriff, Whitefield, Guerrero, and Kyte. The amended complaint also appears to state an equal protection claim against defendant Guerrero. As discussed in more detail below, the amended complaint does not, however, state a cognizable due process claim, or any claims against defendants Fetch, Baskerville, Johns, or Carey.

**A.  Due Process Claim**

Plaintiff asserts that his property was confiscated in violation of his due process rights. Where a prisoner alleges the deprivation of a liberty or property interest caused by the unauthorized action of a prison official, there is no claim cognizable under 42 U.S.C. § 1983 if the state provides an adequate post-deprivation remedy. See Zinermon v. Burch, 494 U.S. 113, 129-32 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984). A state's post-deprivation remedy

4

1 may be adequate even though it does not provide relief identical to that available under § 1983.
2 See id. at 531 n.11.
3     In this case, plaintiff complains of two separate confiscations of property. As to
4 the July 14, 2003, confiscation, plaintiff has not stated a claim because, according to the
5 complaint, the property was returned and plaintiff withdrew his grievance. As to the September
6 10, 2003, confiscation, plaintiff has not stated a cognizable claim under § 1983 because there is
7 an adequate post-deprivation remedy.
8     **B.    Defendants Fetch and Baskerville**
9     To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual
10 connection or link between the actions of the defendants and the alleged deprivations. See
11 Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).
12 "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of
13 § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to
14 perform an act which he is legally required to do that causes the deprivation of which complaint
15 is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory
16 allegations concerning the involvement of official personnel in civil rights violations are not
17 sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff
18 must set forth specific facts as to each individual defendant's causal role in the alleged
19 constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).
20     As to defendant Fetch, plaintiff's allegations concern the July 14, 2003, property
21 confiscation. Because plaintiff withdrew his grievance regarding this incident, and because
22 defendant Fetch returned plaintiff's property, plaintiff has not stated a claim against defendant
23 Fetch.
24     As to defendant Baskerville, plaintiff claims that he told him about the alleged
25 drug smuggling by defendant Guerrero and that defendant Baskerville contacted institutional
26 security to investigate. These allegations do not state any claim of wrong-doing on the part of

1 | defendant Baskerville.

2 |      **C.**     **Defendants Johns and Carey**

Defendants Johns and Carey are supervisory personnel. Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. See id. When a defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Here, plaintiff has not alleged any connection between the alleged deprivations and defendant Carey. As to defendant Johns, plaintiff alleges that he informed defendant Johns about defendant Guerrero's alleged retaliation, and that defendant Johns said he would look into it. Plaintiff has not, however, alleged any affirmative participation by defendant Johns in retaliation or any other constitutional deprivation.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 15-220.

1 An amended complaint must be complete in itself without reference to any prior pleading.  See
2 id.
3          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
4 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
5 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how
6 each named defendant is involved, and must set forth some affirmative link or connection
7 between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d
8 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
9          Because the complaint appears to otherwise state cognizable claims, if no
10 amended complaint is filed within the time allowed therefor, the court will issue findings and
11 recommendations that the claims identified herein as defective be dismissed, as well as such
12 further orders as are necessary for service of process as to the cognizable claims.
13          Accordingly, IT IS HEREBY ORDERED that may file a third amended
14 complaint within 30 days of the date of service of this order.

16 DATED:   December 4, 2005.

                                        _____
                                        **CRAIG M. KELLISON**
                                        UNITED STATES MAGISTRATE JUDGE