IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWIN GOLDEN,                                    No. CIV S-03-2379-MCE-CMK-P

        Plaintiff,

   vs.                                                            ORDER

GUERRERO, et al.,

        Defendants.

_____/

       Plaintiff, a state prisoner proceeding pro se and in forma pauperis, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's third amended complaint (Doc. 17).  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).

       Plaintiff names the following as defendants: Guerrero; M. Newton; Kyte; and D.N. Moser.[1]  Plaintiff claims that, on July 14, 2003, he was notified by correctional officer Kyte

---

[1] No other defendants are named in the operative complaint.  The Clerk of the Court will, therefore, be directed to terminate all other defendants from this action and to update the docket to reflect the above caption.

that he would be charged with a rules violation for being out of bounds on the exercise yard. Plaintiff asserts that he overheard a conversation where Kyte told defendant Guerrero that ". . . plaintiff is a new ass hole on the yard, and needs to be taught the rules." Plaintiff states that, immediately following this conversation, defendant Guerrero conducted a search of plaintiff's cell and confiscated items of personal property. When plaintiff asked why the items were being taken away, defendant Guerrero allegedly replied: "This is what happens when you act like an ass on the yard." Plaintiff asserts that he filed an inmate grievance concerning this incident. Plaintiff states that he was told that prison officers do not have time to be dealing with "crybabies." Plaintiff ultimately withdrew his grievance. Plaintiff states that, on September 10, 2003, defendant Guerrero again confiscated his property for no reason. Plaintiff alleges that this property has never been recovered.

      Plaintiff next claims that, on November 3, 2003, he spoke with defendant Moser, who is a facility captain. Plaintiff states that he complained of defendant Guerrero's alleged retaliatory conduct. According to plaintiff, defendant Moser said he would look into the situation.

      Next, plaintiff alleges that, on November 12, 2003, defendant Guerrero offered to return a television set he had previously confiscated as a "trade" for plaintiff consenting to a reassignment of cellmates. Specifically, plaintiff claims that defendant Guerrero attempted to create tension within the prison's population of Mexican inmates by moving "Northern Mexican" inmates into proximity with rival "Southern Mexican" inmates. Plaintiff asserts that he and 38 other inmates complained that this action was racially motivated.

      Finally, plaintiff alleges that, during an appeal interview conducted on February 18, 2004, he informed prison officials that he has been subject to numerous rules violation "write-ups" by defendant Newton in retaliation for the charges he made against him on January 28, 2004.

/ / /

The third amended complaint appears to state a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  If the allegations are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.  The court, therefore, finds that service is appropriate and will direct service by the U.S. Marshal without pre-payment of costs.  Plaintiff is informed, however, that this action cannot proceed further until plaintiff complies with this order.  Plaintiff is warned that failure to comply with this order may result in dismissal of the action.  See Local Rule 11-110.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to terminate all defendants from this action except those listed below, and to update the docket to reflect the caption on this order;

2. Service is appropriate for the following defendant(s):

GUERRERO;

M. NEWTON;

KYTE; and

D.N. MOSER;

3. The Clerk of the Court shall send plaintiff one USM-285 form for each defendant identified above, one summons, an instruction sheet, and a copy of the third complaint filed December 29, 2005; and

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

4. Within 30 days of the date of service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. Four completed USM-285 form(s); and

    d. Five copies of the endorsed third amended complaint.

DATED: July 5, 2006.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWIN GOLDEN,                               No. CIV S-03-2379-MCE-CMK-P

        Plaintiff,

   vs.

TOM L. CAREY, et al.,

        Defendants.

_____/

<u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

    Plaintiff hereby submits the following documents in compliance with the court's order:

      <u>  1  </u>      completed summons form;

      <u>        </u>      completed USM-285 form(s); and

      <u>        </u>      copies of the third amended complaint.

DATED: _____                    _____
                                                                Plaintiff