IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWIN GOLDEN,                                             No. CIV S-03-2379-MCE-CMK-P

        Plaintiff,

   vs.                                                            FINDINGS AND RECOMMENDATIONS

GUERRERO, et al.,

        Defendants.

_____/

       Plaintiff, a state prisoner proceeding pro se and in forma pauperis, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to dismiss (Doc. 31) based on failure to exhaust available administrative remedies prior to filing suit.

## I. BACKGROUND

       This action proceeds on plaintiff's third amended complaint, filed on December 29, 2005. Plaintiff claims that, on July 14, 2003, he was notified by defendant Kyte that he would be charged with a rules violation for being out of bounds on the exercise yard. Plaintiff asserts that he overheard a conversation where defendant Kyte told defendant Guerrero that

1  ". . . plaintiff is a new ass hole on the yard, and needs to be taught the rules." Plaintiff states that,
2  immediately following this conversation, defendant Guerrero conducted a search of plaintiff's
3  cell and confiscated items of personal property. When plaintiff asked why the items were being
4  taken away, defendant Guerrero allegedly replied: "This is what happens when you act like an
5  ass on the yard." Plaintiff asserts that he filed an inmate grievance concerning this incident.
6  Plaintiff states that he was told that prison officers do not have time to be dealing with
7  "crybabies." Plaintiff ultimately withdrew his grievance. Plaintiff states that, on September 10,
8  2003, defendant Guerrero again confiscated his property for no reason. Plaintiff alleges that this
9  property has never been recovered.

10  Plaintiff next claims that, on November 3, 2003, he spoke with defendant Moser,
11  who is a facility captain. Plaintiff states that he complained of defendant Guerrero's alleged
12  retaliatory conduct. According to plaintiff, defendant Moser said he would look into the
13  situation.

14  Next, plaintiff alleges that, on November 12, 2003, defendant Guerrero offered to
15  return a television set he had previously confiscated as a "trade" for plaintiff consenting to a
16  reassignment of cellmates. Specifically, plaintiff claims that defendant Guerrero attempted to
17  create tension within the prison's population of Mexican inmates by moving "Northern
18  Mexican" inmates into proximity with rival "Southern Mexican" inmates. Plaintiff asserts that
19  he and 38 other inmates complained that this action was racially motivated.

20  Finally, plaintiff alleges that, during an appeal interview conducted on February
21  18, 2004, he informed prison officials that he has been subject to numerous rules violation
22  "write-ups" by defendant Newton in retaliation for the charges he made against him on January
23  28, 2004.

24  Plaintiff alleges that the foregoing demonstrates that defendants retaliated against
25  him for pursuing his rights, in violation of the First Amendment.
26  / / /

## II. STANDARD FOR MOTION TO DISMISS

A motion to dismiss for lack of exhaustion of administrative remedies is properly the subject of an unenumerated motion under Federal Rule of Civil Procedure 12(b).  See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  "In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleading and decide disputed issues of fact."  Id. at 1119-20.  If the court concludes that administrative remedies have not been exhausted, the unexhausted claim should be dismissed without prejudice.  See id. at 1120.

## III. DISCUSSION

In their motion to dismiss, defendants argue that plaintiff failed to exhaust available administrative remedies prior to filing this action.  Specifically, while defendants admit that plaintiff filed inmate grievances concerning the claims raised in the complaint (except as against defendant Newton), they argue that plaintiff did not pursue those grievances through the final levels of administrative review and, for this reason, the exhaustion process was not complete when the action was filed.

Prisoners seeking relief under § 1983 must exhaust all available administrative remedies prior to bringing suit.  See 42 U.S.C. § 1997e(a).  This requirement is mandatory regardless of the relief sought.  See Booth v. Churner, 532 U.S. 731, 741 (2001) (overruling Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999)).  Because exhaustion must precede the filing of the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies while the lawsuit is pending.  See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).  The Supreme Court recently addressed the exhaustion requirement in Jones v. Bock, 127 S.Ct. 910 (2007), and held: (1) prisoners are not required to specially plead or demonstrate exhaustion in the complaint because lack of exhaustion is an affirmative defense which must be pleaded and proved by the defendants; (2) an individual named as a defendant does not necessarily need to be named in the grievance process for exhaustion to be considered adequate

1 because the applicable procedural rules that a prisoner must follow are defined by the particular
2 grievance process, not by the PLRA; and (3) the PLRA does not require dismissal of the entire
3 complaint if only some, but not all, claims are unexhausted. The Supreme Court also held in
4 Woodford v. Ngo, 126 S.Ct. 2378, 2385-88 (2006), that, in order to exhaust administrative
5 remedies, the prisoner must comply with all of the prison system's procedural rules and that
6 partial compliance is not enough.

       A prison inmate in California satisfies the administrative exhaustion requirement by following the procedures set forth in §§ 3084.1-3084.7 of Title 15 of the California Code of Regulations. These regulations require the prisoner to proceed through several levels of appeal: (1) informal resolution; (2) formal appeal; (3) second level appeal to institution head; (4) third level appeal to the director of the California Department of Corrections and Rehabilitation. A decision at the third formal level, which is also referred to as the director's level, is not appealable and concludes a prisoner's departmental administrative remedy. See Cal. Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2). Departmental appeals coordinators may summarily deny a prisoner's untimely administrative appeal. See Cal. Code Regs. tit. 15, §§ 3084.3(c)(6) and 3084.6(c). Currently, California regulations do not contain any provision specifying who must be named in the grievance.

       In support of their motion, defendants provide the court with the declarations of S. Cervantes, the Appeals Coordinator, and N. Grannis, the chief of the Inmate Appeals Branch. They also provide authenticated copies of plaintiff's prison grievances and responses thereto. These documents reflect that, as to the claims raised in this lawsuit, plaintiff did not pursue any grievance beyond the second level. In opposition, plaintiff argues:

> . . . Plaintiff's appeal was partially granted and no further remedy was available. The Defendants were given a fair opportunity to consider, and address plaintiff's grievance, and failed to do so. The Defendants should not be allowed to dismiss on the benefits of exhaustion. The Defendants are deliberately attempting to bypass the crux of plaintiff's complaint. For these reasons plaintiff's complaint should not be dismissed for failure to exhaust administrative remedies.

Plaintiff's argument is unavailing.  To the extent he is arguing that he did not need to exhaust past the second level because the relief he was seeking was not available beyond that level, the Supreme Court has rejected this argument in Booth – prisoners must exhaust through all levels regardless of the relief available.  Moreover, to the extent plaintiff is arguing that he substantially complied with the exhaustion process by giving defendants fair notice of his claims, this argument has also been rejected by the Supreme Court.  In Woodford, the Court made it clear that partial compliance is not enough – the prisoner must follow all the procedural rules for filing grievances.  In this case, California regulations require inmates to pursue their grievances through the Director's level of review.  It is undisputed that plaintiff did not do so in this case.  Therefore, the court must agree with defendants that plaintiff failed to exhaust available administrative remedies prior to bringing suit.

### IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that defendants' motion to dismiss be granted and that the Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 2, 2007.

```
                                    /s/ Craig M. Kellison
                                    _____
                                    CRAIG M. KELLISON
                                    UNITED STATES MAGISTRATE JUDGE
```